IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yinnv Liu, <br><br> Plaintiff, <br><br> v. <br><br> THE ENTITIES AND INDIVIDUALS IDENTIFIED IN SCHEDULE A, <br><br> Defendants. | Case No. 1:24-cv-02982 <br><br> Hon. Judge John Robert Blakey |

### Declaration of Qin Li

I, Qin Li, of the City of Diamond Bar, in the State of California, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of California, and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff Yinnv Liu. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the following:

2. According to a 2018 report by U.S. Customers and Border Protection entitled "Intellectual Property Rights Fiscal Year 2017 Seizure Statistics," intellectual property rights (IPR) seizures increased 8% over 2016 to a record 34,143 reflecting a total manufacturer's suggested retail price (MSRP) of the seized goods, had they been genuine, of more than $1.2B. A true and correct copy of this report is attached hereto as Exhibit 1.

3. According to a 2017 report entitled "The Report of the Commission on the Theft of American Intellectual Property (also known as the IP Commission Report)," eCommerce trademark infringement, particularly involving counterfeit goods, and piracy / copyright infringement cost

merchants in the U.S. alone nearly $41 billion. A true and correct copy of this report is attached hereto as Exhibit 2.

4. According to a 2015 report by U.S. Customers and Border Protection entitled "Intellectual Property Rights Fiscal Year 2015 Seizure Statistics," there were 28,865 seizures which, according to the IP Commission Report, represented less than 3% of the total infringing goods being sold. A true and correct copy of this report is attached hereto as Exhibit 3.

5. According to a 2015 report by the World Economic Forum entitled "State of the Illicit Economy," the "cost to the global economy of counterfeiting alone could reach USD 1.77 Trillion." A true and correct copy of this report is attached hereto as Exhibit 4.

6. According to a 2013 report U.S. Customers and Border Protection entitled "Intellectual Property Rights Fiscal Year 2012 Seizure Statistics," "the internet has fueled explosive growth in the numbers of small packages of counterfeit and pirated goods shipped through express carriers and mail." A true and correct copy of this report is attached hereto as Exhibit 5.

7. In my experience with online counterfeiting over the last two years, I have observed counterfeiters using a variety of tactics to evade enforcement efforts. Specifically, counterfeiters like those Defendants in the present case will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit, or otherwise utilize a plethora of accounts to minimize the risk that the removal or deactivation of one storefront due to their counterfeiting activities will stall their entire operation.

8. In my experience, once notice of a lawsuit is received, counterfeiters like those Defendants in the present case move funds from their U.S.-based accounts (*e.g.*, PayPal) to off-shore bank accounts outside the jurisdiction of this Court.

9. For these reasons, in the absence of an *ex parte* Order, Defendants in the interest of shielding their assets could and likely would modify payment account registration data and content and to

shuffle any assets from accounts in U.S.-based financial institutions (e.g., PayPal), to offshore accounts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this May 17, 2024 at Diamond Bar, California.

/s/ QIN LI
1360 Valley Vista Dr, Suite 140
Diamond Bar, CA 91765
Bar No. 349218
liqin@concordsage.com
Phone: (858) 568-1696


ATTORNEY FOR PLAINTIFF