## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Yinnv Liu

              Plaintiff,

              v.

**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN SCHEDULE A**


              Defendants.

Case no.

1:24-cv-02982

**DECLARATION OF YINNV LIU**

The undersigned, Yinnv Liu, after being sworn, states as follows:

1. All testimony given in this affidavit is based on my own personal knowledge, and if called at trial, I would testify as I have stated herein.

2. I am a citizen of China and reside in Huai'an, Jiangsu Province, China currently.

3. I am the owner of the Da Yun He trademark, U.S. Trademark Registration No. 7,286,291 (the "Da Yun He Trademark"), and my own online store marketing products under the Da Yun He Trademark. I am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of my online store including, but not limited to, trademarks, other intellectual property, sales, on-line sales, advertising, marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge save where otherwise stated.

4. My business operation specializes in the design, marketing and sales of distinctive consumer products with high quality. My products under the Da Yun He Trademark have enjoyed substantial sales success and popularity.

5. The Da Yun He Trademark is a federally registered trademark. The Registration is valid, subsisting, in full force and effect. A true and correct copy of the federal trademark registration certificate for the trademark is attached hereto as Exhibit 1.

6. Since the introduction to the public of products bearing the Da Yun He Trademark, I have continuously used the Da Yun He Trademark, which serves to identify and distinguish my products ("Liu's products" or "Liu's Product") from those of others. I have sold many thousands of products under the Da Yun He Trademark, creating a direct consumer association between the Da Yun He Trademark and me as the source of products.

7. I am the sole owner of the Da Yun He Trademark.

8. The Da Yun He Trademark is distinctive and identifies the merchandise as goods from me.

9. The Da Yun He Trademark has been continuously used and never abandoned.

10. In addition to continuous use of the Da Yun He Trademark, I actively protect my trademark from improper use. I assert and enforce my trademark rights against third parties. Furthermore, I have expended considerable amount of time, money, and other resources in promoting the Da Yun He Trademark. As a result of the significant efforts, products bearing the Da Yun He Trademark are recognized and exclusively associated by the public, consumers and the trade as being products sourced from me.

11. Da Yun He brand's success has resulted in significant counterfeiting. Consequently, I am implementing an anti-counterfeiting program and investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. I have identified numerous online store names linked to fully interactive websites and marketplace listings on platforms such as the fully interactive commercial Internet stores operating under the Seller Aliases and/or the online marketplace accounts identified in Schedule A which is attached to the Complaint (collectively, the "Defendant Online Stores"), which were offering for sale, selling, and importing counterfeit products in connection with counterfeiting versions (the "Counterfeiting Da Yun He Product") of my federally registered Da Yun He Trademark to consumers in this Judicial District and throughout the United States.

12. I do not license the Da Yun He trademark and do not sell through authorized distributors or resellers. Rather, all original sales of my products are through my own branded online store.

13. The Da Yun He brand has achieved fame and recognition which has made the Da Yun He Trademark distinctive and associated exclusively with me.

14. As such, the goodwill associated with the Da Yun He Trademark is of incalculable and inestimable value and worth to me.

15. I perform, supervise, and/or direct investigations related to Internet-based infringement of the Da Yun He Trademark. My investigation shows that Defendants are using the Seller Aliases to sell infringing and counterfeiting products bearing the Da Yun He Trademark from foreign countries such as China to consumers in the United States and elsewhere that seek out and search for genuine products from me. I analyzed each of the e-commerce stores operating under the Seller Aliases and determined that counterfeiting Da Yun He Products were offered for sale to residents of the United States, including Illinois residents. This conclusion was reached through visual inspection of the products listed for sale on each e-commerce store, the price at which the unauthorized Da Yun He Products were offered for sale, other features commonly associated with e-commerce stores selling counterfeit products, and because Defendants and their e-commerce stores do not conduct business with me and do not have the right or authority to use the Da Yun He Trademark. In addition, each e-commerce store offered shipping to the United States, including Illinois. True and correct copies of screenshots showing the active e-commerce stores operating under the Seller Aliases are attached as Exhibit 2. The e-commerce stores identified in this lawsuit are a small percentage of the e-commerce stores that deal in unauthorized Da Yun He Products utilizing the Da Yun He Trademark.

16. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold counterfeiting Da Yun He Products to residents of Illinois.

17. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers. E-commerce stores operating

under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. I have not licensed or authorized Defendants to use the Da Yun He Trademark and none of the Defendants are authorized retailers of genuine Liu products.

18. On information and belief, Defendants also deceive unknowing consumers by using the Da Yun He Trademark without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Da Yun He products. Additionally, on information and belief, Defendants use other unauthorized search engine optimization tactics so that the Defendant Online Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine Da Yun He products. Further, Defendants utilize similar illegitimate search engine optimization tactics to propel new online store names to the top of search results after others are shut down.

19. E-commerce store operators like Defendants often go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant websites often use privacy services or platforms that conceal the owners' identity and contact information. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such online store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

20. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common Features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. They indicate that Counterfeit Da Yun He products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

21. Furthermore, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like defendants will often register new websites or online marketplace accounts under new aliases once they receive notice of a lawsuit.

22. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite my enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to me.

23. Monetary damages alone cannot adequately compensate me for ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

24. My goodwill and reputation are irreparably damaged when the Da Yun He Trademark is used in connection with the offering for sale or sale of goods not authorized,

produced or manufactured by me. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to my reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

25. I am also irreparably harmed by the unauthorized use of the Da Yun He Trademark because counterfeiters take away my ability to control the nature and quality of products using the Da Yun He Trademark. Loss of quality control over goods offered for sale or sold using the Da Yun He Trademark, and in turn, loss of control over my reputation is neither calculable nor precisely compensable.

26. The use of the Da Yun He Trademark in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by me causes consumer confusion, which weakens my brand recognition and reputation. Consumers who mistakenly believe that the infringing and counterfeiting products bearing the Da Yun He Trademark he or she has purchased originated from me will come to believe that me offers low quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine Liu Products, resulting in consumers presented with genuine Liu Products, resulting in a loss, or undermining of my reputation and goodwill. Indeed, there is damage to my reputation and goodwill even if a consumer knows that the goods he or she is purchasing are counterfeit. Prospective consumers who see inferior unauthorized products used by others may mistakenly believe such goods to be genuine and may consequently develop a poor impression of me and my genuine products. Such post-sale confusion results in damage to my reputation and correlates to a loss of future sales that cannot be reasonably calculated.

27. I am further irreparably damaged due to a loss of exclusivity. The Da Yun He Trademark is intended to be exclusive to me. My extensive marketing efforts and distribution of products bearing the Da Yun He Trademark are aimed at growing and

sustaining sales of my products. The Da Yun He Trademark is distinctive and signify to consumers that the products originate from me and are manufactured to my exacting quality standards. When counterfeiters use the Da Yun He Trademark to offer for sale or sell goods without my authorization, the exclusivity of my products, as well as my reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

28. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Rule 65(b)(1) of the Federal Rules of Civil Procedure.

I declare under the penalty of perjury under the laws of the United States of America the foregoing is true and correct, except as to matters stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Yinnv Liu

Huai'an, Jiangsu Province, China

04/13/2024                                         /s/ Yinnv Liu

Executed On                                        Yinnv Liu    *Yinnv Liu*