IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yinnv Liu, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24-cv-02982 |
| | ) |
| v. | ) |
| | ) |
| THE ENTITIES AND INDIVIDUALS IDENTIFIED IN SCHEDULE A, | ) Hon. Judge John Robert Blakey |
| | ) |
| Defendants. | ) |

**Plaintiff's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3)**

**NOW COMES** Yinnv Liu ("Plaintiff"), by and through Plaintiff's undersigned counsel, and pursuant to Federal Rule of Civil Procedure 4(f)(3) requests this Court's authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibits 3-8 (including all subparts) to the Declaration of Plaintiff **and any e-mail addresses provided for Defendants by third parties that includes a link to said website.** Plaintiff submits that providing notice via electronic publication, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (i) have provided no contact whatsoever, or specious, incomplete, unreliable, or false names and physical address information in their registrations for the Defendant Internet Stores, in order to conceal their locations and avoid liability for their unlawful conduct; and (ii) rely almost exclusively on electronic communications to communicate with their third-party service

providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See*, Declaration of Qin Li ("Li Declaration") at ¶ 2. Authorizing service of process via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive the most-prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

Defendants accepting Amazon Pay, PayPal, and other payment processor accounts must provide a valid e-mail address to customers for completing payment. *See*, Li Decl. at ¶ 2. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their Seller Alias stores to ensure they are functioning and to communicate with customers electronically including, necessarily, via email. As such, it is far more likely that Defendants can be served electronically than through physical or other traditional service of process methods. An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a physical address on the e-commerce store. Li Decl. at ¶ 3. In most instances, Defendants must provide an e-mail address to third-party online marketplace platforms such as Walmart, Ebay, Amazon, **AliExpress** and various other e-commerce platforms **when registering their account.** Id. Moreover, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses which the registrant may provide. Id. Since an e-commerce store operator can input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. Id. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants. Id.

Federal Rules allow this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. Fed. R. Civ. P. 4(f)(3); Gianni Versace, S.P.A. v.

Yong Peng, et al., No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019), *citing*, Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in Rio Properties held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." Id., at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. Id.

Plaintiff has good cause to suspect the Defendants are all residents of China and/or Hong Kong. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"). Li Decl. at ¶ 4. According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." Id. United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, Gianni Versace, S.P.A. v. Yong Peng, et al., No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); In re Potash Antitrust Litig., 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also*, Strabala v. Zhang, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (same); In re LDK Solar Secs. Litig., 2008 WL 2415186, *2 (N.D. Cal. Jun. 12, 2008) (same); Williams-Sonoma Inc. v. Friendfinder Inc., No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (same); Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al., No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (same); Nanya Tech. Corp. v. Fujitsu Ltd., No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007)

(Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (recognizing that, while "communication via e-mail and over the internet is comparatively new, such communication has been zealously embraced within the business community"). The Hague Convention does not itself preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit e-mail service. Li Decl. at ¶ 4; *See e.g.*, Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); Facebook, Inc. v. Banana Ads, LLC, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China). In addition, the law of the People's Republic of China does not appear to prohibit electronic service of process. Li Decl. at ¶ 6.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). Rio Props., 284 F.3d at 1014-15. As the Rio Properties Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. Id., 284 F.3d at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. Id. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. Id. Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See*, Gianni Versace, *citing*, Nagravision SA v. Gotech Int'l Tech. Ltd., 882 F.3d 494, 498 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and

that agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff. Strabala v. Zhang, 318 F.R.D. 81, 114 (N.D. Ill. 2016), *citing*, 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.). Thus, service of process via email is appropriate and may be authorized under Fed. R. Civ. P. 4(f)(3). MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (unpublished) (authorizing email service of process against Chinese defendants).

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[1] in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

Dated: May 17, 2024

Respectfully submitted,

/s/ QIN LI
1360 Valley Vista Dr,Suite 140
Diamond Bar, CA 91765
Bar No. 349218
liqin@concordsage.com
Phone: (858) 568-1696

ATTORNEY FOR PLAINTIFF

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).