**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **YINNV LIU** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 24-cv-02982** |
| **v.** | ) | |
| | ) | |
| **THE ENTITIES AND INDIVIDUALS** | ) | **Presiding: Hon. John Robert Blakey** |
| **IDENTIFIED IN SCHEDULE A,** | ) | **Magistrate: Hon. Jeannice W. Appenteng** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Yinnv Liu ("Plaintiff"), submits this Memorandum of Law in Support of her

Motion for Entry of a Preliminary Injunction.

## INTRODUCTION

Plaintiff brings this action against Defendants, as identified on Exhibit 1 of the Complaint

(collectively, the "Defendants") for Federal Trademark Counterfeiting and Infringement (Count

I), Unfair Competition and False Designation of Origin (Count II), and Illinois Uniform Deceptive

Trade Practices Act (Count III). Plaintiff hereby incorporates the allegations, exhibits and counts

set forth in the Complaint; terms defined in the Complaint used also herein shall have the same

meaning. As alleged in the Complaint, the Defendants are promoting, advertising, marketing,

distributing, offering for sale and selling counterfeit products, bearing counterfeit versions of

Plaintiff's Marks[1], through various websites/webstores designed to mislead consumers that the

---

[1] Capitalized terms used herein but not defined herein shall have the meanings given them in the

1

products sold are genuine Plaintiff products.

The Defendants create websites and web stores and product listings for Plaintiff's goods, all the while actually selling low-quality, unlicensed counterfeits to unknowing consumers. Defendants attempt to avoid liability by going to great lengths to conceal their identities, their assets, and the full scope of their counterfeiting operation. Plaintiff is forced to file these actions to combat Defendants' illegal counterfeiting of the Plaintiff's goods and registered Marks, as well as to protect unknowing consumers from purchasing low-quality counterfeits over the internet.

## STATEMENT OF FACTS

On May 21, 2024, this Court granted Plaintiff's Sealed *Ex Parte* Motion for Entry of a Temporary Restraining Order, including (1) A Temporary Injunction; (2) A Temporary Asset Restraint; (3) Expedited Discovery; and Service of Process by Email [Dkt. #18]. The TRO authorized Plaintiff to provide notice of these proceedings to Defendants by sending an email to e-mail addresses provided via the third party payment providers (e.g., Amazon and PayPal) (the "Platforms"). On June 3, 2024, this Court granted Plaintiff's Motion to Extend Bond Deadline and TRO [Dkt. #23]. The TRO will expire on June 18, 2024 [Dkt. #23].

Since the entry of the TRO, Plaintiff have been working with the Platforms to freeze the financial accounts associated with the Infringing Websites. As of the date of this Motion, Plaintiff is in the process of serving the Defendants by electronic means. Plaintiff will file a Certificate of Service with the Court prior to the expiration of the TRO.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this action. As part of

---

Complaint [Dkt #1].

the Proposed Preliminary Injunction Order, a copy of which has been provided to the Clerk of the Court contemporaneously herewith, Plaintiff requests that the Infringing Webstores financial accounts remain frozen until these proceedings have concluded.

## DISCUSSION

**A.    Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate Under the Circumstances.**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further illegal conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., True Religion Apparel, Inc., et al. v. Does 1- 100*, No. 1:12-cv-9894 (N.D. Ill. Jan. 15, 2013) (unpublished) (Docket No. 32); *Oakley, Inc. v. Does 1-100*, No. 1:12-cv-9864 (N.D. Ill. Dec. 27, 2012) (unpublished) (Docket No. 23); *Coach, Inc., et al. v. Lin Feng, etal.*, No. 1:12-cv08963 (N.D. Ill. Nov. 29, 2012) (unpublished) (Docket No. 36).

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01- cv00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id.* Finally, the Court

must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id.* The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id.* The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id.* at 895-896. The greater the movant's likelihood of succeeding on the merits, the less the balancing of harms need be in his favor. *See Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000).

By virtue of this Court's entry of the TRO, the above requirements for entry of a preliminary injunction have been satisfied. The record establishes that through their illegal operations, Defendants have infringed upon Plaintiff's federally registered trademarks. Thus, Plaintiff is entitled to preliminary injunctive relief.

**B.      The Equitable Relief Sought by Plaintiff Remains Appropriate.**

In addition to this Court's inherent authority to issue injunctive relief pursuant to Fed. R. Civ. P. 65, the Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark…." 15 U.S.C. § 1116(a).

Plaintiff also seeks to convert the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has served the TRO upon third party payment providers that have assisted with identifying and

4

freezing a number of financial accounts linked to the Infringing Websites that are offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants will attempt to move any assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, a preliminary injunction order that requires Defendants' assets to remain frozen for the remainder of the proceedings will preserve the status quo.

Furthermore, as explained in Plaintiff's Memorandum of Law in Support of TRO, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See e.g., Monster Energy Co. v. The Partnerships, et al.*, No. 1:15-cv09142, at p.5 (N.D. Ill. Oct. 22, 2015) (unpublished) (granting plaintiff's request for a prejudgment asset freeze in an action arising under the Lanham Act and stating "[t]o the extent that the restraint might be too broad, the defendants may file challenges to the scope of the TRO by submitting evidence that some or all of the money has other sources."); *see also The Counterfeit Website Cases, supra; Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ("A request for equitable relief [under the Lanham Act] invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *Playboy Enter., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) (stating that because "it is essential that the trial courts carefully fashion remedies which will take all the economic incentive out of trademark infringement, . . . courts must implement fully the requirement of § 1117(a)(1) [allowing plaintiff] to recover (1) defendant's profits . . ."). Thus, an order continuing to freeze the Defendants' assets pending the conclusion of this action should be granted.

## CONCLUSION

In view of the foregoing and consistent with established precedent from previous similar

cases, Plaintiff respectfully requests that this Court enter a Preliminary Injunction consistent with the terms of the TRO.

Date: June 17, 2024                         Respectfully Submitted,

                                             By: /s/ Shengmao Mu
                                           Shengmao (Sam) Mu, NY #5707021
                                           **WHITEWOOD LAW PLLC**
                                           57 West 57th Street, 3rd and 4th Floors
                                           New York, NY 10019
                                           Telephone: (917) 858-8018
                                           Email: smu@whitewoodlaw.com

                                           *Counsel for Plaintiff*