UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

LIU YINNV

                              Plaintiff,

v.

                              Case No.:
                              1:24−cv−02982

                              Honorable John
                              Robert Blakey

The Entities and Individuals Identified in Schedule A, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 21, 2025:

       MINUTE entry before the Honorable John Robert Blakey: On 8/7/24, this Court entered a default judgment order as to all defaulting defendants, see [67], [68]. On 1/6/25, certain Defendants Shenzhen Huiyameisi Trading Co. (designated as Defendant No. 268, as well as Nos. 269, 279, 293, 295, 296, 298, 301); Shenzhen Liping E−commerce Co., Ltd. (designated as Defendant No. 272, as well as No. 273); Shenzhen Wenhui International Logistics Co., Ltd. (designated as Defendant No. 288, as well as Nos. 289, 338, 339, 340moved to vacate that judgment, see [75]. "To vacate a default judgment, the movant must demonstrate good cause for the default, quick action to correct it, and a meritorious case." Trade Well Int'l v. United Cent. Bank, 825 F.3d 854, 86061 (7th Cir. 2016). "The burden of proof rests on the party moving to vacate the judgment." Id. Here, Defendants waited five months before challenging the default and, even in their motion, fail to explain their delay. Defendants argue that this Court lacked personal jurisdiction, but this Court previously held otherwise, finding personal jurisdiction based upon Defendants' maintenance of interactive websites and sales to customers within the State of Illinois, see [19] at 1−2; [9−7] at 52−58, 68−74, 96−98, 132−38, 152−54, 160−66, 172−74, 184−86, 331−42, and finding that electronic service of process sufficed, [19] at 7−8. Defendants offer no factual basis to revisit those prior findings. As a result, based upon the record here, the Court lacks a basis to vacate the default judgment and accordingly denies Defendants' motion, [75]. The case remains closed. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.